**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBA IVETTE DE PAZ-GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-269

Agency No.
A088-026-625

MEMORANDUM[*]

On Petition for Review of an Order of the
Immigration Judge

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Alba Ivette De Paz-Gonzalez, a native and citizen of El Salvador, petitions

pro se for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a), that she did not have a reasonable fear of persecution or torture in El

Salvador and is not entitled to relief from her reinstated removal order.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review an IJ's negative reasonable fear determination for substantial evidence.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).  We deny the petition for review.

We do not disturb the IJ's determination that De Paz-Gonzalez failed to establish a reasonable possibility that she suffered harm that rises to the level of persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the agency's determination that De Paz-Gonzalez failed to establish a reasonable possibility that she would be persecuted on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a protected ground).

In light of this disposition, we need not reach De Paz-Gonzalez's remaining

21-269

contentions regarding the cognizability of her proposed particular social groups. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, substantial evidence supports the IJ's determination that De Paz-Gonzalez failed to show a reasonable possibility of persecution in El Salvador.

Substantial evidence also supports the agency's determination that De Paz-Gonzalez failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to El Salvador. *See Andrade-Garcia*, 828 F.3d at 836-37 (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**